

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Grace H. Park*
*Assistant U.S. Attorney*
*(973)645-2718*

*970 Broad Street, Suite 700*
*Newark, NJ 07102*

November 28, 2005

**By overnight mail and facsimile**

William E. Lawler, III, Esq.
Vinson & Elkins, LLP
1455 Pennsylvania Avenue, NW
Washington, DC 20004

Re: <u>Plea Agreement with Capital Research Bureau, Inc.</u>     CR06-283(MLC)

Dear Mr. Lawler:

This letter sets forth the full and complete agreement between your client, Capital Research Bureau, Inc. ("Capital Research"), and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from Capital Research to a one-count Information which charges wire fraud, in violation of 18 U.S.C. § 1343. If Capital Research enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Capital Research relating to its schemes to defraud during the period of July 2001 through June 2005. However, in the event that the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Capital Research may be commenced against it, notwithstanding the expiration of the limitations period after Capital Research signs the agreement. Capital Research agrees to waive any statute of limitations with respect to any crime that would otherwise expire after Capital Research signs the agreement.

## Sentencing

The violations of 18 U.S.C. § 1343 to which Capital Research agrees to plead guilty each carry a statutory maximum sentence of five years probation, and a statutory maximum fine equal to the greatest of (1) $500,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Capital Research is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742 and the United States Sentencing Guidelines. The sentencing judge may impose the maximum term of imprisonment and maximum fine that are consistent with the Sentencing Reform Act and the Sentencing Guidelines, up to and including the statutory maximum term of imprisonment and the maximum statutory fine. The United States Sentencing Guidelines may impose a minimum term of imprisonment and/or fine, and may authorize departure from the minimum and maximum penalties under certain circumstances. This Office cannot and does not make any representation or promise as to what guideline range will be found applicable to Capital Research, or as to what sentence Capital Research ultimately will receive.

Further, in addition to imposing any other penalty on Capital Research, the sentencing judge: (1) will order Capital Research to pay an assessment of $400 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Capital Research to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; and (3) may order Capital Research, pursuant to 18 U.S.C. § 3555, to give notice to any victims of its offense.

## Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Capital Research by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Capital Research's activities and relevant conduct with respect to this case.

## Fine

Capital Research and the United States jointly recommend that a criminal fine of $550,000 is appropriate in this case. Capital Research agrees that, should the Court impose a criminal fine, he will deliver to the United States District Court a certified check in that amount within 60 days after the date of sentencing.

Stipulations

This Office and Capital Research agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Capital Research from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Capital Research waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentencing court's determination or imposition of the offense level or its acceptance of any of the stipulations on Schedule A. Otherwise, this Office specifically reserves the right to file, oppose, or take any position in any appeal, collateral attack, or proceedings involving post-sentencing motions or writs.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Capital Research. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil proceeding against Capital Research.

This agreement constitutes the full and complete agreement between Capital Research and this Office and supersedes any previous agreement between them. No additional promises, agreements, or conditions have been entered into other than those set forth in this letter, and none will be entered into unless in writing and signed by the parties.

Very truly yours,

CHRISTOPHER J. CHRISTIE
UNITED STATES ATTORNEY

By: GRACE H. PARK
Assistant U.S. Attorney


APPROVED:

Stephen J. Taylor
Unit Chief, Criminal Division

-4-

I have read this agreement and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the full agreement between the parties. There have been no additional promises or representations made to me by any officials or employees of the United States Government or by my attorney in connection with this matter.


AGREED AND ACCEPTED:

Capital Research Bureau, Inc.

William E. Lawler, III, Esq.
Counsel for Defendant
Capital Research Bureau, Inc.

Date:  11-3-05

<u>Certification of Counsel</u>

*the District of Columbia*

    I hereby certify that:  I am a member in good standing of the bar of the United States District Court for the District of ~~New Jersey~~; I represent Capital Research in the matter of <u>United States v. Capital Research Bureau, Inc.</u>, and I have been authorized by a Unanimous Action of Shareholders of Capital Research to sign this agreement to plead guilty on behalf of the corporation and to waive indictment and enter a plea of guilty on behalf of the corporation.

    I make this certification under penalty of perjury.


_William E. Lawler, III_

William E. Lawler, III, Esq.

Date:  *11-3-05*

## PLEA AGREEMENT WITH CAPITAL RESEARCH

### Schedule A

This Office and Capital Research agree to stipulate at sentencing to the statements set forth below, subject to the conditions in the attached plea agreement.  The applicable United States Sentencing Guidelines are those that incorporate amendments effective as of November 5, 2005.

#### Offense Level Calculation

1.  This Office and Capital Research recognize that the United States Sentencing Guidelines are not binding upon the Court.  This Office and Capital Research nevertheless agree to the  stipulations set forth herein.

2.  The applicable Guideline is § 2B1.1(a)(1).  This Guideline carries a Base Offense Level of 7.

3.  The gain resulting from the offense conduct was more than $400,000 but less than $1,000,000.  Accordingly, an increase of at least 14 levels is appropriate pursuant to U.S.S.G. Section 2B1.1(b)(1)(H).

4.  Therefore, the total offense level is 21.

#### Culpability Score

5.  The applicable Guideline is § 8C2.5.  This Guideline carries a Base Point Level of 5.

6.  Capital Research cooperated in the investigation and clearly demonstrated recognition and affirmative acceptance of responsibility for its criminal conduct.  Pursuant to Guideline § 8C2.5(g)(2), this results in a decrease of 2 points.

7.  This results in a total culpability score of 3.  Pursuant to Guideline § 8C2.6, this results in a minimum fine multiplier of 0.60 and a maximum multiplier of 1.20.

Fine Calculation

8. As set forth in Paragraph 4, the total offense level calculated under the Chapter Two guidelines is 21. Pursuant to Guideline § 8C2.4(d), that offense level results in a base fine in the amount of $910,000.

9. Pursuant to Guideline § 8C2.7, the minimum guideline fine range is $546,000 ($910,000 x 0.60 multiplier) and the maximum fine range is $1,092,000 ($910,000 x 1.20 multiplier).

Waiver of Appeal and Rights of Parties

10. Capital Research knows that it has, and voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentencing court's determination or imposition of the offense level, if the total offense level determined by the court is equal to or less than 21. The United States will not file any appeal, motion, or writ that challenges the sentencing court's determination or imposition of the offense level, if the total offense level determined by the court is equal to or greater than 21. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. To the extent that any appeal, collateral attack, writ, or motion is barred by this paragraph, the parties agree that it should be dismissed.

11. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.